IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY GUSTAFSON,<br><br>Defendant. | CR 14-27-M-DLC<br><br>ORDER |

Before the Court is Defendant Tony Gustafson's motion requesting a second hearing under 18 U.S.C. § 3142(f)(2) on the issue of his release or detention pending trial in this matter, and his associated request to be released from custody. For the reasons discussed, the Court deems it appropriate to deny Defendants' motions.

Defendant was originally charged with multiple criminal offenses by way of a Criminal Complaint filed on April 8, 2014, and he was arrested in Nebraska on April 9, 2014. On April 11, 2014, Defendant appeared before the United States District Court for the District of Nebraska, United States Magistrate Judge Cheryl R. Zwart presiding, for both his initial appearance and a hearing on the issue of his

1

release or detention under 18 U.S.C. § 3142(f).  Following the detention hearing, and by Order entered April 11, 2014, Judge Zwart ordered Defendant detained pursuant to section 3142(e).  Defendant was then transported to Montana for further proceedings.

In May, the United States filed an Indictment in this case charging Defendant with conspiring to advertise child pornography in violation of 18 U.S.C. § 2251(d) & (e).  On May 15, 2014, Defendant appeared before this Court for his arraignment on the Indictment, and the court remanded Defendant to the custody of the United States Marshal.

The United States then transferred Defendant to the Crossroads Correctional Center (Crossroads) in Shelby, Montana, to be detained pending trial.  He was initially housed in the J-pod facility at Crossroads in general population conditions.

At some point the United States Attorney directed the Marshal to hold Defendant separately from his co-defendants in this case, and from other defendants in a similar child pornography case, both for evidentiary reasons and to prevent communications between the several defendants.  Consequently, at the direction of the United States, on June 18, 2014, the guards at Crossroads transferred Defendant to a segregation unit at Crossroads, and he was held in

insolation confined to his cell for 23 hours per day under conditions significantly more adverse than the general population conditions to which he was subject while housed in the J-pod. Defendant remained at Crossroads subject to the adverse segregation conditions until July 9, 2014, when he was transferred to the Missoula County Detention Center. Since being transferred to Missoula, Defendant has been held in custody under general population conditions.

Defendant moves the Court, pursuant to 18 U.S.C. § 3142(f)(2), to reopen his prior detention hearing held in Nebraska. Section 3142(f)(2) permits a prior detention hearing to be reopened under limited conditions as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

In support of his motion Defendant asserts that the adverse conditions of his isolated confinement in segregation while at Crossroads violated his due process rights as a pretrial detainee protected under the United States Constitution. He also alleges the conditions led to a deterioration of his mental health. He argues the asserted constitutional violation and resulting damage satisfy the foregoing

provisions permitting the Court to reopen his detention hearing. He contends the constitutional violation constitutes new information that developed after his April 11, 2014 detention hearing, and that the appropriate remedy for the violation is his release from custody. Also, having been subjected to severe restrictions while held in segregation, Defendant asserts he is willing to comply with any and all conditions of release so as to avoid returning to custody in similar adverse conditions of segregation.

On July 10, 2014, the Court conducted a hearing on Defendant's motion. As ordered by the Court, the parties filed supplemental briefing on the issue of whether adverse conditions of pretrial confinement may constitute information not previously known to the Defendant that is relevant to the issue of whether Defendant is now eligible for release under 18 U.S.C. § 3142(c).

For either party to successfully move to reopen a detention hearing under 18 U.S.C. § 3142(f)(2), the movant "must establish: 1) that information now exists that was not known to the movant at the time of the initial detention hearing, *and* 2) the new information is material to release conditions regarding flight or dangerousness." *United States v. Garivay*, 2013 WL 6577320, *3 (D. Ariz. 2013) (emphasis added). The new evidence must be "information that would materially influence the judgment about whether there are conditions of release which will

4

reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Lane*, 2013 WL 2390253, *1 (D. Ariz. 2013) (quoting *United States v. Cisneros*, 358 F.3d 610, 614 (10th Cir. 2003)). The district court has discretion in determining whether a detention hearing should be reopened, and it may decline to reopen a hearing if the purported new information "is not sufficiently material to the issues of dangerousness or flight risk[.]" *Id.*, (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)).

Defendant's recent experience with adverse conditions of segregated custody at Crossroads is "new" information in that it has arisen after his initial detention hearing. But the Court concludes those alleged conditions – even if they constitute a violation of Defendants' constitutionally protected due process rights as he asserts – are irrelevant to the issues of whether Defendant poses a risk of flight or danger. A detainee's "conditions of confinement are immaterial to the issue of whether he is a danger to the community and/or risk of flight." *United States v. Keller*, 2008 WL 3085199, *3 (D. Mass. 2008). While significantly adverse conditions of confinement may give rise to a civil rights claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), they have no bearing on the Court's consideration of whether Defendant is likely to flee or pose a danger to the community if he

were released.

Defendant further suggests the alleged deterioration of his mental health caused by the conditions of his isolated confinement at Crossroads warrants reconsideration of his detention. But Defendant has failed to demonstrate how his mental health condition is relevant to the key issues of flight and danger. Furthermore, because Defendant is now held in general population custody in Missoula, he is no longer subject to the adverse conditions of isolated segregation he allegedly experienced at Crossroads.

Based on the foregoing, the Court concludes that Defendant's experience with the conditions of his isolated segregation at Crossroads has no "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). He has not established that his detention hearing should be reopened. Therefore, IT IS HEREBY ORDERED that Defendant's motions to reopen his hearing, and for his release, are DENIED.

Notwithstanding, the United States shall not place Defendant in isolated segregation under conditions similar to those he allegedly experienced while at Crossroads. If the United States needs to separate Defendant from certain other defendants, and if isolated, solitary confinement in administrative segregation is

necessary to satisfy that need, then it shall seek to place defendants who are already convicted of a criminal offense – not Defendant Gustafson as a pretrial detainee – in the required administrative segregation. If the United States does place Defendant in administrative segregation, then he may reapply to the Court to reopen his detention hearing, subject to the standards of 18 U.S.C. § 3142(f)(2) as discussed.

DATED this 31st day of July, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge